**FILED**

**July 3, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:05 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| Tyrone McGee, | ) | Docket No. 2016-06-2313 |
|      Employee, | ) | |
| v. | ) | |
| Embassy Suites Nashville, | ) | State File No. 13292-2016 |
|      Employer, | ) | |
| And | ) | |
| Zurich American Insurance Company, | ) | Judge Kenneth M. Switzer |
|      Carrier. | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

---

This case came before the undersigned Workers' Compensation Judge on June 29, 2017, on Mr. McGee's Request for Expedited Hearing. The present focus of this case is the compensability of Mr. McGee's claim. Because the medical proof does not causally connect Mr. McGee's need for treatment with his work for Embassy Suites, the Court holds he did not satisfy his burden of establishing that his injury arose primarily out of and in the course and scope of employment. Therefore, his requested relief is denied at this time.

### History of Claim

Mr. McGee worked at Embassy Suites. He testified that on February 17, 2016, after Embassy Suites hosted an event, it offered the leftover food for employees' consumption in the break room. Mr. McGee ate chicken enchiladas. Within an hour or two, he began to experience nausea, "bubbling" in his stomach, sweating, vomiting and diarrhea.

His rapidly deteriorating condition necessitated medical intervention. Mr. McGee went to Summit Medical Center immediately following the conclusion of his shift. His pleadings and argument suggested that providers told him he suffered from "food poisoning," although the records contain final diagnoses of "epigastric pain, nausea with vomiting," and hypokalemia. (Ex. 3 at 7.) Mr. McGee was hospitalized for four days.

The February 20 discharge notes state, "We suspect peptic ulcer disease with severe gastritis. . . . esophagogastroduodenoscopy did not reveal acute pathology." *Id.* at 8. He was released without work restrictions. Mr. McGee received follow-up care at Concentra on March 8, where providers diagnosed "noninfective gastroenteritis and colitis, unspecified." *Id.* at 1. They pronounced him at maximum medical improvement and released him to work without restrictions.

Mr. McGee testified that he suffered extreme pain from the incident. While his wife's insurance covered some of the medical bills, he incurred expenses relative to the treatment; however, documentation for these expenses was not filed along with his Request for Expedited Hearing and therefore was not admissible for purposes of this hearing. Mr. McGee further testified that, as result of the incident, he lost his employment with both Embassy Suites and a second employer, Hamilton Inn. At the time, he lived at Hamilton Inn and lost his housing as well. Mr. McGee's wife, Rebecca Bell, corroborated his account of becoming ill on February 17, his treatment and the resulting losses.

For its part, Embassy Suites submitted the affidavit of Paul Rapien, the chef who prepared the enchiladas. Chef Rapien stated he surveyed other staff and guests who ate the same batch of enchiladas and no one claimed any adverse side effects. Further, Mr. Rapien noted he never received reports of anyone becoming ill from the enchiladas or any other food he prepared that day.

## Findings of Fact and Conclusions of Law

The following general principles guide the Court's decision-making at an expedited hearing. As in all workers' compensation actions, Mr. McGee, as the employee, has the burden of proof on the essential elements of the claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, he only has to come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits in order to meet his burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

In addition, this Court must consider the following specific legal principles relative to the facts of this case. The Court must determine whether Mr. McGee suffered an injury as that term is defined within the Workers' Compensation Law. Tennessee Code Annotated section 50-6-102(14) (2016) provides that he must show he suffered an "injury by accident . . . arising primarily out of and in the course and scope of employment[.]" Mr. McGee must further show that "the employment contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes," and this must be shown "to a reasonable degree of medical certainty."

2

Applying these standards, the Court finds that Mr. McGee credibly testified that he became violently ill within one to two hours of eating enchiladas that Embassy Suites offered its employees. The Court holds he suffered an "injury by accident within the course of employment," as the statute requires. Simply put, he became ill during his time at work.

However, Mr. McGee must also demonstrate that the injury (illness) arose primarily out of his employment. As the Appeals Board explained, "arising out of employment" refers to causation. *Hosford v. Red Rover Preschool*, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *20 (Oct. 2, 2014). Accordingly, "an injury purely coincidental, or contemporaneous, or collateral, with the employment . . . will not cause the injury . . . to be considered as arising out of the employment." *Id.* at 21. Further, an employee's lay testimony, without corroborative expert testimony, does not constitute adequate evidence of medical causation. *Scott, supra,* at *12.

Here, while Mr. McGee indicated he suffered from "food poisoning," the Summit discharge notes state Mr. McGee suffered "epigastric pain, nausea with vomiting, and hypokalemia," and possibly "peptic ulcer disease with severe gastritis," while the Concentra providers diagnosed "noninfective gastroenteritis and colitis, unspecified." Moreover, neither the records from Summit nor Concentra affirmatively linked his consumption of the enchiladas with Mr. McGee's condition. They additionally do not state that his employment contributed more than 50 percent in causing his need for medical treatment. While a physician need not couch an opinion on causation using a "rigid recitation of the statutory definition," what is necessary is sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in section 50-6-102(14) are satisfied. *Panzarella v. Amazon.com, Inc., et al.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *14 (May 15, 2017). The Court carefully reviewed the medical records in search of statements from the providers relating Mr. McGee's ingestion of that particular meal and his condition, and considered as a whole, the records do not support his claim. This ruling does not preclude him from seeking additional medical evidence to prove his claim at a compensation hearing.

As a final note, Mr. McGee complained that Embassy Suites failed to provide a panel. However, the Appeals Board held that mere notice of an alleged workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, without regard to the particular circumstances presented. *McCord,* at *13. Further, Mr. McGee asked this Court to order reimbursement for storage expenses incurred when he lost his housing, an award for pain and suffering and reinstatement of his former employment. The Court finds credible Mr. McGee's assertions that he indeed suffered these losses. However, this Court is limited to awarding medical, temporary, and permanent disability benefits; the workers' compensation statute does not authorize this Court with authority to grant his requested relief. *See* Tennessee Code Annotated

3

50-6-238(a)(3).

In sum, as a matter of law, at this time Mr. McGee has not come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits regarding the compensability of his claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. McGee's claim against Embassy Suites and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **August 28, 2017, at 8:30 a.m. Central.** You must call **615-532-9552** or toll-free at **866-943-0025** to participate. Failure to call may result in a determination of the issues without your participation.

**ENTERED this the 3rd day of July, 2017.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Evidence:
1) Mr. McGee's Affidavit
2) Mr. Rapien's Affidavit
3) Composite Medical Records
4) Photos from upper G.I. testing; identification only
5) Nurses' notes from Summit; identification only
6) Memos regarding job, housing losses; identification only

Technical Record:
1) Petition for Benefit Determination,
2) Employer's pre-mediation position statement
3) Dispute Certification Notice
4) Request for Expedited Hearing
5) Statement of Employer

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 3rd day of July, 2017.

| Name | Certified Mail | Fax | Regular mail | Email | Sent to |
|------|----------------|-----|--------------|-------|---------|
| Tyrone McGee, self-represented Employee | | | | x | Tyronemcgee6@gmail.com |
| David Weatherman, Employer's attorney | | | | x | David.weatherman@zurichna.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov